NO. 07-04-0379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 8, 2005

_____

MICHAEL ERWIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 114-1933-03; HONORABLE CYNTHIA STEVENS KENT, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Michael Erwin was convicted by a jury of possession of a controlled substance and sentenced to 60 years confinement and a $10,000 fine. Presenting three issues, appellant challenges the (1) legal and (2) factual

sufficiency of the State's evidence and (3) contends the trial court erred in allowing the State to present enhancement evidence at the punishment phase.[1]  We affirm.

Appellant managed a car wash and detail business.  He was arrested and charged with possession of a controlled substance after officers discovered 19.4 grams of crack cocaine hidden underneath the business.

Police officers obtained and executed a search warrant for appellant's business after surveillance revealed a number of vehicles arriving and leaving the business in a short period of time without being washed.  Appellant's business consisted of a lot with a padlocked building and several wash bays.  Upon obtaining entry into the building, the officers observed a plastic pill bottle containing white crumbs and powder on a glass shelf and white crumbs, Zig-Zag rolling papers, and a set of handheld scales on a wooden counter. The officers also discovered a locked closet in the front room.  The key to the closet was obtained from appellant.  Inside the closet, officers found a set of digital scales, a portion of a glass crack pipe, a razor blade with a white residue, a plastic baggie containing a green leafy substance, and a doctor's bill with appellant's name on it.

The officers next searched the perimeter of the building.  Outside, officers discovered several empty plastic baggies in various locations and two plastic baggies hidden beneath a traffic cone that contained several "off-white colored chunks."  While

---

[1]The State did not favor us with a brief.

searching the perimeter, one of the officers observed a portion of the underpinning pulled away from the side of the building. Suspicious, the officers searched the opening leading beneath the house and observed two large plastic baggies containing off-white chunks. The substance was sent to a crime lab for testing and was determined to be 19.4 grams of crack cocaine.

The officers also conducted a canine search of appellant's Lincoln Navigator vehicle. The dog alerted officers to two locations in the vehicle; however, no narcotics were found. The dog's handler testified that the dog was capable of detecting the scent of narcotics in a vehicle for a period of time even after any narcotics had been removed.

Appellant and two other individuals were present during the search. Following the search, appellant was arrested for possession of the cocaine found beneath the building, and the other two individuals were released. At the time of his arrest, appellant had more than $500 in cash in his pockets and wallet.

By his first and second issues, appellant maintains the evidence was legally and factually insufficient to prove beyond a reasonable doubt that he possessed the cocaine found beneath his business. We disagree.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law

3

that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2005); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This standard is the same in both direct and circumstantial evidence cases. Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). We conduct this analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. Under this standard, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was

4

rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

First, in determining whether the evidence was sufficient to support appellant's conviction, we must review the elements the State was required to prove. Appellant was charged with possession of cocaine of four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). To prove unlawful possession of a controlled substance, the State was required to prove by direct or circumstantial evidence that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. *Id.* at § 481.002(38); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Cr.App. 2005). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995).

When the accused is not in exclusive possession of the place where contraband is found or the contraband is not on the accused's person, additional independent facts and circumstances must affirmatively link him to the contraband. Deshong v. State, 625 S.W.2d 327, 329 (Tex.Cr.App. 1981). An affirmative link is used to evaluate the sufficiency of the evidence and generates a reasonable inference that appellant knew of the contraband's existence and exercised control over it. *Brown*, 911 S.W.2d at 747. Affirmative links may

5

include, but are not limited to, (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and the accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) the amount of contraband found; and (14) whether appellant possessed a large amount of cash. *See* Taylor v. State. 106 S.W.3d 827, 832 (Tex.App.–Dallas 2003, no pet.); Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.–Austin 1989, no pet.). It is the logical force of these factors, individually or combined, which determines whether the State's evidence links appellant to the contraband. *Trejo*, 766 S.W.2d at 385.

In the present case, the evidence provides several affirmative links that raise reasonable inferences of appellant's knowledge and control of the cocaine found beneath his business. Appellant was present when the cocaine was found. He was the manager of the business and had the right to possess the area where the cocaine was found. Appellant possessed the key to the locked closet where officers discovered what appeared to be marihuana and assorted drug paraphernalia. Officers found a pill bottle containing white crumbs and residue, rolling papers, plastic baggies containing what appeared to be

6

cocaine, and other evidence of contraband throughout the property. A narcotics dog detected the scent of narcotics in two locations in appellant's vehicle. The amount of cocaine found beneath the business was substantial and testimony indicated it would have a significant street value. At the time of his arrest, appellant possessed more than $500 in cash.

Notwithstanding the affirmative links establishing his knowledge and possession of the substance, appellant contends it could have been placed there by someone else because there were other persons with access to the property. He also directs us to testimony that no officer observed him beneath the house or in actual possession of the cocaine. However, considering the evidence, we find that a rational jury could have reasonably reached the conclusion that appellant knew of and possessed the cocaine beneath his business. An officer with the narcotics unit testified that it is "very common" for individuals to stash narcotics beneath a house so as to avoid police detection. Furthermore, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant possessed the cocaine beneath the business. We further conclude that the evidence is not so weak

that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence is legally and factually sufficient to support appellant's conviction. Appellant's first and second issues are overruled.

By his third point, appellant contends the trial court erred in allowing the State to present enhancement evidence at the sentencing phase. We disagree. Appellant was charged with possession of a controlled substance under section 481.115(d) of the Texas Health & Safety Code, a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years. Prior to the punishment phase, the State provided appellant with a notice of intent to seek enhancement based on a prior conviction pursuant to Brooks v. State, 957 S.W.2d 30, 31-34 (Tex.Cr.App. 1997). The enhancement increased the punishment range up to a first degree felony punishable by imprisonment for a term of not more than 99 years or less than 5 years. Appellant pleaded not true to the enhancement provision; however, the jury subsequently found it to be true and sentenced him to 60 years confinement.

In his argument, appellant relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), and the recently decided case of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), for the proposition that his prior convictions should have been pled in an indictment and proven beyond a reasonable doubt. This argument is without merit. *Apprendi* stands for the proposition that "[o]ther than the

fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Blakely* broadened *Apprendi's* holding to include any fact "'which the law makes essential to the punishment.'" *Blakely*, 124 S. Ct. at 2537 (quoting 1 J. Bishop, Criminal Procedure § 87, p. 55 (2d ed. 1872)).

Here, appellant's maximum range of punishment was increased on the basis of a prior conviction, not unadjudicated facts. Neither *Apprendi* nor *Blakely* apply to enhancements on the basis of prior convictions, and appellant fails to cite any case law to the contrary. Appellant's third issue is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.


9