NO. 07-05-0296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 28, 2006
_____

FRANKLIN REYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3949; HONORABLE FELIX KLEIN, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Franklin Reyes, appeals from a judgment of conviction for the offense of possession of a controlled substance (cocaine) in an amount of four grams or more but less than 200 grams, and sentence of 65 years confinement in the Texas Department of Criminal Justice, Institutional Division. Overruling appellant's issues, we affirm.

Procedural and Factual Background

On May 31, 2004, at approximately 11:30 p.m., a Littlefield Police officer noticed a car parked near a closed business. Upon investigating, the officer determined that the

vehicle was occupied by two individuals. The driver, Sylvia Martinez Flores, was unable to produce her driver's license. Appellant, who was in the front passenger's seat was asked for his identification. A check of appellant's identification revealed an outstanding warrant for appellant's arrest. The investigating officer arrested appellant and performed a pat down search incident to the arrest. During the pat down the officer found $1,134 in cash in appellant's front pockets. The officer asked Flores, the owner of the car, for permission to search the car. After Flores consented to the search, the officer found two bags of cocaine under the front passenger's seat.

By two issues, appellant challenges the legal and factual sufficiency of the evidence to sustain the finding of guilt. When both legal and factual sufficiency are challenged by an appellant, the court must conduct a legal sufficiency review first. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). One cannot be convicted of a crime unless it is shown beyond a reasonable doubt that he committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2004); TEX. PEN. CODE ANN. § 2.01 (Vernon 2003).

## Standard of Review
### Legal Sufficiency

A legal sufficiency review consists of reviewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608,

2

612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial evidence cases. Burden, 55 S.W.3d at 613. We measure the sufficiency of the evidence to sustain a conviction against the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). All the evidence presented to the jury must be considered, whether properly or improperly admitted, to assess the factual findings from the jury's perspective. See Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. See Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We resolve inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

Before determining whether the evidence is sufficient to support appellant's conviction, we must review the essential elements of the offense the State was required to prove. Appellant was charged with possession of cocaine, four grams or more but less than 200 grams, a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). To prove unlawful possession of a controlled substance, the State was required to prove, by direct or circumstantial evidence, that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).

3

## Factual Sufficiency

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85.

## Applicable Law

When the accused is not in exclusive possession of the place where contraband is found or the contraband is not on the accused's person, additional independent facts and circumstances must affirmatively link him to the contraband. See Deshong v. State, 625 S.W.2d. 327, 329 (Tex.Crim.App. 1981). Affirmative links is a shorthand expression of what must be proven to establish that the accused possessed some kind of contraband knowingly or intentionally and is used to evaluate the sufficiency of the evidence. See Brown, 911 S.W.2d at 747. The affirmative links rule is a common sense notation designed to protect innocent bystanders–a parent, child, spouse, roommate, or friend–from conviction based solely upon his fortuitous proximity to someone else's contraband. See Poindexter, 153 S.W.3d at 406.

4

Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband present; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the automobile in which the contraband was found; and (15) whether appellant possessed a large amount of cash. See Taylor v. State, 106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.); see also Trejo v. State, 766 S.W.2d 381, 384-85 (Tex.App.–Austin 1989, no pet.). It is not the number of factors present that is important, but the logical force of these factors, individually or collectively, which determines whether the State's evidence links appellant to the contraband. See Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd).

Analysis

Appellant was neither the owner nor the driver of the vehicle in which the contraband was found. He was merely a passenger, therefore, he was not in exclusive possession of the contraband. Thus, the State was required to present evidence, direct or circumstantial, linking appellant to the contraband to establish appellant was guilty of possession.

The record evidences that the contraband was located beneath the passenger's seat, where appellant was seated. Appellant had two wallets on his person, yet when appellant was patted down, he had $1,134 in bills stuffed in his front pants pockets. During the search of the vehicle, appellant continuously stated that the car was not his. The amount of contraband was large and packaged for dealing.

Appellant asserts that the lack of paraphernalia, furtive gestures, attempts to flee, incriminating statements, or other contraband on appellant's person defeat the State's attempt to establish affirmative links.[1] However, such an analysis focuses on the number rather than the logical force of the factors present. See Gilbert, 874 S.W.2d at 298. The State showed that the appellant was present, in close proximity to the contraband, there was a large amount of contraband packaged for dealing and appellant had a large amount of cash stuffed in his front pockets. When all of the evidence is reviewed in the light most favorable to the verdict, we cannot say that a rational jury could not have found each element of the offense proven beyond a reasonable doubt. Jackson, 443 U.S. at 319. Accordingly, we overrule appellant's issue on legal insufficiency of the evidence.

In considering the evidence referred to above for factual sufficiency, we must also consider the impact of Flores's testimony. Flores testified that when she told appellant she would give him a ride but did not want any drugs in the vehicle, appellant removed two small baggies of cocaine from his pocket and laid them on the table. Prior to the car ride

---

[1] Appellant contends that the affirmative links shown by the State do not exclude every other reasonable hypothesis except for the guilt of the accused. However, that test for a circumstantial evidence case was disavowed by the Texas Court of Criminal Appeals in Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App. 1991).

she had observed a number of people coming and going quickly from the residence where she met appellant, some of whom she knew to use drugs. Finally, after the arrest of appellant, Flores readily agreed to allow the officers to search her vehicle. The jury heard Flores's testimony and was in a position to judge the credibility of the witness. We are not allowed to substitute our judgment for that of the jury. See Clewis, 922 S.W.2d at 135. When the evidence is reviewed in a neutral light, we cannot say that the evidence is so weak that the jury's verdict was clearly wrong and unjust, nor is the contrary evidence so strong that the beyond-a-reasonable-doubt standard could not have been met. Zuniga, 144 S.W.3d 477, 484-85 (Tex.Crim.App. 2004). Accordingly, appellant's contention regarding the factual insufficiency of the evidence is also overruled.

Inasmuch as we have overruled the contentions of appellant, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

7