Joseph Robert DESHONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 60571.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 23, 1981.

Paul L. Fourt, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford and David Powell, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of a usable quantity of marihuana in the amount of less than two ounces. Appellant was convicted in a trial before the court and punishment was assessed at a fine of $250.00.

In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He maintains the State failed to present evidence which affirmatively linked him to the marihuana, in that he was only shown to be near the place where the marihuana was found.

Officer David Beer, of the Dallas Police Department, testified that he was on patrol in the early morning hours of November 17, 1977. He related that he observed two automobiles traveling at a high rate of speed and that the drivers were "swerving" at one another. Beer followed one of the automobiles and ultimately stopped it in the parking lot of a nearby shopping center. He related that he approached the automobile, opened the driver's door and told the driver to get out of the automobile. The officer identified appellant as the driver of the automobile which had been stopped.

Beer testified that upon opening the car door, he observed what he thought to be a plastic baggie containing marihuana. In describing where that baggie was found, the officer testified as follows:

"Q. All right. Exactly, where was the marihuana when you saw it?

"A. It would be on the floorboard on the driver's side. You know that little strip that's usually carpeted in between the seat and the door, and it turns in to go to the floorboard, it was sitting right there.

"Q. Well, would that be the hump where the transmission would be? Is that where you're talking about?

"A. No. No. No. It's closer to the door.

"Q. Closer to the door?

"A. Right.

" . . .

"Q. Stuck down in the—Visible but stuck between the edge of the seat and the—uh—

"A. —No, sir. It was not. It was sitting—If there's a strip between the seat and the door that's usually carpeted as it goes into the main space for the pedals and everything are, just before—down in that area, right there where they connect is where the marihuana was sitting."

Beer placed appellant under arrest for reckless driving. The officer testified that following appellant's arrest, the automobile was released to his passenger. Beer stated that he did not find any contraband on the "person" of either appellant or his passenger.

Appellant testified that he did not know that any contraband was in the automobile. He related that the automobile is used as a delivery vehicle in his business. He stated that numerous other individuals have access to the automobile for delivery purposes. Appellant further related that he had been driving the car for approximately one hour before he was stopped by Beer. Finally, appellant testified that on the night in question, he had entered the car on the driver's side.

With regard to the question of ownership of the automobile in which the marihuana was found, the record reflects that on direct examination, appellant testified as follows:

"Q. Mr. Deshong, calling your attention to the night in question when you were stopped for this particular offense, would you tell the Court whether or not you had any personal knowledge of this substance they have claimed to be marihuana, or whatever it is, *in your vehicle*?

"A. No. I did not."

(Emphasis supplied).

Debra Richute testified that she was with appellant at the time he was stopped by Beer. She stated that she did not know that any contraband was in the car and that appellant said nothing to her concerning the marihuana.

Victor Audey, an employee of appellant, testified in his behalf on direct examination with regard to the use of appellant's car as follows:

"Q. All right. Let me ask you if you're familiar with *Mr. Deshong's automobile*?

"A. Yes, sir.

"Q. Can you tell the Court whether or not that automobile was used by other individuals other than Mr. Deshong?

"A. Yes, sir.

"Q. And how was it used?

"A. As a delivery car." (Emphasis supplied).

In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew that the matter possessed was contraband. *Pollan v. State*, 612 S.W.2d 594, Tex.Cr.App.; *Dubry v. State*, 582 S.W.2d 841, Tex.Cr.App. It is not necessary to prove that the accused had exclusive possession of the narcotics in question. *Damron v. State*, 570 S.W.2d 933, Tex.Cr. App. When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State*, 571 S.W.2d 188 Tex.Cr.App.

The affirmative link can be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Norman v. State*, 588 S.W.2d 340 Tex.Cr.App.

Among such additional facts which can establish the affirmative link are: the marihuana was in open or plain view, *Hughes v. State*, 612 S.W.2d 581, Tex.Cr.App.; the place where the contraband was found was enclosed, *Mendoza v. State*, 583 S.W.2d 396 Tex.Cr.App.; the narcotic was conveniently accessible to the accused, *Hahn v. State*, 502 S.W.2d 724, Tex.Cr.App.; the accused was the owner of the place where the contraband was found, *Moulden v. State*, 576 S.W.2d 817, Tex.Cr.App.; the accused was the driver of the automobile in which the contraband was found, *Aldridge v. State*, 482 S.W.2d 171, Tex.Cr.App.; and the contraband was found on the same side of the car seat as the accused was sitting, *Orosco v. State*, 164 Tex.Cr.R. 257, 298 S.W.2d 134.

In the instant cause, the marihuana was in open view once the car door had been opened by the officer. Appellant testified that while driving the car, he had entered through the door on the driver's side. The contraband was found within an enclosed area. The location of the contraband, on the floorboard directly in front of the driver's seat, was conveniently accessible to appellant. The evidence strongly suggests that appellant was the owner of the vehicle. At the time of the instant offense, appellant was the driver of the automobile. Finally, the contraband was found on the same side of the car seat as that in which appellant was sitting. Therefore, other than appellant's proximity to the place where the marihuana was found, the record contains the above mentioned additional facts and circumstances which prove appellant's knowledge and control of the contraband. We find the evidence sufficient to support appellant's conviction.

In his second ground of error, appellant maintains the evidence is insufficient to prove that the substance found in his car was marihuana. He contends that Beer was not shown to have been qualified to express an opinion as to the nature of the substance found inside the baggie.

Beer testified that he had been employed by the Dallas Police Department for

two years. He related that in his training and experience as a police officer, he had seen marihuana on numerous occasions. The officer was permitted to testify, without objection, that the substance in the baggie was marihuana. Finally, appellant did not test Beer's ability to recognize marihuana. We conclude that Beer's testimony is sufficient to prove that the substance within appellant's car was marihuana. See *Houlihan v. State*, 551 S.W.2d 719, Tex.Cr. App. Appellant's second ground of error is without merit.

The judgment is affirmed.

CLINTON, J., concurs in the result.