In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00907-CR

____________


MATTHEW JAMES ACHEAMPONG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court 

Harris County, Texas

Trial Court Cause No. 1127354 





MEMORANDUM OPINION


 A jury convicted appellant, Matthew James Acheampong, of possession with
intent to deliver a controlled substance, cocaine, weighing more than 4 grams and
less than 200 grams by aggregate weight and assessed punishment at 20 years'
confinement. In his sole issue on appeal, appellant contends that the evidence was
legally insufficient to show that he possessed with intent to deliver the cocaine in
question. We affirm.

BACKGROUND

 Undercover U.S. Immigration and Customs Enforcement Agent Boucher
saw appellant leave apartment 307 at 8152 Richmond Avenue on July 31, 2007,
walk across the street to a strip center where Boucher was parked, and approach the
driver's side window of a vehicle parked beside Boucher. Agent Boucher saw 
appellant hand the driver of the vehicle a small, clear plastic bag containing a white
powdery substance. After leaving the parking lot, Houston Narcotics Officer
Arista stopped the driver of the vehicle and discovered the contents of the bag to be
cocaine.

 Meanwhile, Agent Boucher maintained surveillance on the apartment and
saw appellant drive away from it. When appellant returned to the apartment a few
hours later, Boucher and Arista identified themselves to appellant. Officer Arista
then left to get a search warrant for the apartment. Agent Boucher testified that,
from the time that appellant was observed handing over the cocaine in the strip
center parking lot to the time that the apartment was searched, no one other than
appellant entered or left the apartment.

 Officer Arista and others searched the two-story, one bedroom, one-and-a-half bath apartment. They found a locked safe in the downstairs closet that
appellant denied ownership of, and did not have a key to, in his possession. When
police pried the safe open, they found $2,857, 7.9 grams of powder cocaine and a
3.8 gram rock of cocaine, 72.9 grams of Xanax, 63.9 grams of Ecstasy, and
marihuana. Nothing identifying appellant was found inside the safe and there was
no evidence presented directly linking appellant to the safe or the drugs inside. A
comparative analysis between the cocaine in the safe and the cocaine handed over
in the strip center parking lot was not conducted.

 The apartment lease listed appellant's mother as the resident of the
apartment, but appellant's mother testified at trial that appellant was sleeping on
the downstairs sofa at the time, kept clothes in the downstairs closet in which the
safe was found, and had his mail sent to the apartment. Appellant's two sisters
also had keys to the apartment, but it had been a few years since they had lived at
the apartment. The supervisor with the Harris County Pretrial Services testified
that appellant had listed the apartment as his current address. 

LEGAL SUFFICIENCY

 In his sole issue on appeal, appellant claims that the evidence presented is
legally insufficient to link appellant to the cocaine found in the safe. We review
the legal sufficiency of the evidence by viewing the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). The trier of
fact is the sole judge of the weight and credibility of the evidence. Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder. Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any inconsistencies
in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.
Crim. App. 2000).

 A person commits the offense of possession of a controlled substance,
namely cocaine, weighing more than 4 grams and less than 200 grams, if he
knowingly or intentionally possesses the controlled substance in the prescribed
amount, by aggregate weight, including adulterants or dilutants. See Tex. Health
& Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (d) (Vernon 2003). To prove
possession with intent to deliver, the State must prove that the defendant (1)
exercised care, custody, control, or management over the controlled substance, (2)
intended to deliver the controlled substance to another, and (3) knew that the
substance in his possession was a controlled substance. Id. at §§ 481.002(38),
481.112(a); Parker v. State, 192 S.W.3d 801, 805 (Tex. App.--Houston [1st Dist.]
2006, pet. ref'd).

 When, as here, the accused is not in exclusive possession of the place where
the substance is found, it cannot be concluded that the accused had knowledge of
and control over the contraband unless there are additional independent facts and
circumstances which link the accused to the contraband. Poindexter v. State, 153
S.W.3d 402, 406 (Tex. Crim. App. 2005) (citing Deshong v. State, 625 S.W.2d
327, 329 (Tex. Crim. App. 1981)). The purpose of this rule is to determine
whether the defendant's connection to the substance was more than just fortuitous. 
Id. at 405-06. The requisite connection can be established through direct or
circumstantial evidence that raises a reasonable inference of the defendant's
knowledge and control of the contraband. See id.; Meeks v. State, 692 S.W.2d 504,
511 (Tex. Crim. App. 1985).

 Texas courts have identified "many non-exhaustive factors" that may
demonstrate a link to contraband. Roberson v. State, 80 S.W.3d 730, 735 (Tex.
App.--Houston [1st Dist.] 2002, pet. ref'd). The number of linking factors present
is not as important as the "logical force" the factors create to prove that an offense
was committed. Id; see also Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). Examples of links include (1) the
accused's presence when a search is conducted, (2) whether the narcotics were in
plain view, (3) the accused's proximity to and the accessibility of the narcotics, (4)
whether the accused was under the influence of narcotics when arrested, (5)
whether the accused possessed other contraband or narcotics when arrested, (6)
whether the accused made incriminating statements when arrested, (7) whether the
accused attempted to flee, (8) whether the accused made furtive gestures, (9)
whether there was an odor of contraband or narcotics, (10) whether other
contraband or narcotic paraphernalia was present, (11) whether the accused owned
or had the right to possess the place where the narcotics were found, (12) whether
the place in which the narcotics were found was enclosed, (13) whether the
accused was found with a large amount of cash, and (14) whether the conduct of
the accused indicated a consciousness of guilt. Evans v. State, 202 S.W.3d 158,
162 n.12 (Tex. Crim. App. 2006).

 Appellant contends that because he was not in exclusive possession of the
apartment and there was no direct evidence linking him to the cocaine found in the
safe, the evidence is legally insufficient to support his conviction. He bases this
argument on the fact that a drug analysis linking the cocaine handed over in the
strip center parking lot to the cocaine found in the safe could have been conducted
and presented to the jury, but was not.

 However, the requisite connection between the defendant and the contraband
does not have to be directly proven, but can be inferred from circumstantial
evidence. See Poindexter, 153 S.W.3d at 405-06; Meeks, 692 S.W.2d at 511. 
Viewing the evidence in a light most favorable to the verdict, we note that
appellant was seen walking out of an apartment where he was temporarily living
and handing over cocaine to a third party. Nobody entered or left the apartment
other than appellant between then and the search of the apartment. The only other
person in the apartment at the time was appellant's mother, who was not seen
delivering cocaine to anyone. The cocaine was found in a safe located in a closet
in which appellant kept his clothes. This circumstantial evidence could lead a
rational jury to the conclusion beyond a reasonable doubt that appellant possessed
the cocaine found in the safe.

 Accordingly, we overrule appellant's sole point of error.

CONCLUSION


 We affirm the judgment of the trial court.



 



 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.


Do not publish. Tex. R. App. P. 47.2(b)