Affirmed and Memorandum Opinion filed March 4, 2010. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-01053-CR



 

Christopher Lynn Cox, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 1109999



 

MEMORANDUM  OPINION

 

Appellant Christopher Lynn Cox challenges his
conviction for the offense of possession of four to 200 grams of a controlled
substance.  The jury assessed punishment at confinement for five years.  The
trial court entered judgment on November 12, 2008. Appellant appeals from this
judgment contending the evidence is legally and factually insufficient to
support the jury’s verdict.  We affirm. 

Background

Houston Police Department officers Goldsby, Bescerra,
and Gonzales responded to a 9-1-1 “home invasion” telephone call from apartment
19 of Skylane Apartments on March 28, 2007.  When the officers arrived at the
Skylane Apartments complex, they observed a known cocaine addict yelling outside
of the front door of apartment 19.  The officers detained this man and knocked
on apartment 19’s door.  The door was not immediately opened.  

The officers continued to knock on apartment 19’s
door and identified themselves as “police.”  There was still no response.  The
officers contacted a dispatcher and the dispatcher made a telephone call to the
number from which the 9-1-1 call was received.  The officers could hear a
telephone ringing in the apartment but no one answered the call.  The officers
then “began knocking, began pounding.  Went from a knock to more of a fist
pound on the door yelling: Police; open the door, police.”  After a long delay,
appellant opened the door.  

When appellant opened the door, Goldsby observed that
appellant appeared nervous and the apartment was in disarray.  Goldsby asked
appellant if they could enter the apartment and appellant said “yes.”  Goldsby
asked appellant to step outside of the apartment and, after appellant did so,
entered the apartment with Gonzales.    

Apartment 19 is a 700-square-foot, one bedroom, one
bathroom apartment.  Upon entering the apartment, Goldsby noticed a man on a
couch who appeared to be intoxicated.  The man stated he did not live in the
apartment.  Goldsby observed drug paraphernalia on a coffee table directly in
front of the couch “consisting of a pipe, a silver tray, and a silver spoon
inside the silver tray with residue, powdery substance all around it.”  The
officers arrested this man. 

Carlos Gonzalez-Cantu also was present in the
apartment and emerged from the bedroom.  Gonzalez-Cantu signed a lease
agreement with Skylane Apartments on July 15, 2005 that lists appellant as an
“occupant” of Gonzalez-Cantu’s apartment.  It is unclear whether the lease
agreement identifies which numbered apartment Gonzalez-Cantu and appellant were
leasing.[1]

After questioning Gonzalez-Cantu, Goldsby observed a
computer screen that appeared to have a template for creating drivers licenses
on it.  He also observed numerous Texas drivers licenses with no photographs
and magnetic strips used on credit cards and drivers licenses.  After observing
these items, Goldsby contacted the Houston Police Department Financial Crimes
unit.  

Sergeant Reyna, a member of the Financial Crimes
unit, came to the apartment “to look at the evidence there.”  After looking at
the evidence, Reyna obtained a search warrant for the apartment.  During the
execution of the search warrant, the officers discovered cocaine underneath the
bathroom sink.  They also discovered crack pipes, scales, and $915 in cash on
which a drug-sniffing dog “alerted,” indicating that it “came from narcotics
transactions.”     

Appellant was arrested and charged with “knowingly
possess[ing] with intent to deliver a controlled substance, namely COCAINE,
weighing more than 4 grams and less than 200 grams . . . .”  After a jury
trial, the trial court instructed the jury that it could find appellant guilty
as a principal actor or as a party.  The jury returned a general verdict
finding appellant guilty of the lesser included offense of “possession of a
controlled substance, namely cocaine[,]” and assessed punishment at confinement
for five years. 

Analysis

Appellant presents three issues on appeal.  In his
first two issues, appellant contends the evidence is legally and factually insufficient
to show that he knowingly possessed cocaine.  In his third issue, appellant
contends that the evidence is legally insufficient to show appellant acted with
“the intent to promote or assist the commission of the offense” or aided
another person in committing the offense.  

In reviewing legal sufficiency of the evidence, an
appellate court examines all of the evidence in the light most favorable to the
verdict to determine whether any rational factfinder could have found proof of
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007).  The court does not sit as a thirteenth juror
and may not re-evaluate the weight and credibility of the record evidence or
substitute its judgment for that of the factfinder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Reconciliation of conflicts in the evidence is within
the exclusive province of the factfinder.  See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court’s duty is not to
reweigh the evidence, but to serve as a final due process safeguard ensuring
only the rationality of the factfinder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
that supports conflicting inferences must presume — even if not obvious from
the record — that the factfinder resolved any such conflicts in favor of the
verdict and must defer to that resolution.  Jackson, 443 U.S. at 326; Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

In reviewing factual sufficiency of the evidence, an
appellate court must determine whether (1) the evidence introduced to support
the verdict is “so weak” that the factfinder’s verdict seems “clearly wrong and
manifestly unjust,” or (2) the factfinder’s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2008).  In a factual sufficiency review,
the court views all of the evidence in a neutral light.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).  If the court finds the
evidence factually insufficient, the court must remand the case for a new
trial.  Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

In order to declare that an evidentiary conflict
justifies a new trial, an appellate court must rely on some objective basis in
the record demonstrating that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  See Lancon v. State, 253
S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the factfinder’s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  The factfinder may choose to believe or disbelieve any
portion of the testimony presented at trial.  Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)).  Due
deference must be given to the factfinder’s determinations concerning the
weight and credibility of the evidence and reversal of those determinations is
appropriate only to prevent the occurrence of a manifest injustice.  Martinez
v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004).

An individual commits
an offense if he knowingly or intentionally possesses a controlled substance.  See
Tex. Health & Safety Code Ann. §§ 481.112, 481.115 (Vernon Supp. 2009).  When
an accused is charged with unlawful possession of a controlled substance, the
State must prove (1) the defendant exercised “actual care, custody, control, or
management” over the contraband; and (2) the accused knew the object he
possessed was contraband.  See id. § 481.002(38) (Vernon
Supp. 2009); Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). 


The jury also was instructed on the law of parties.  An
individual may be convicted of the offense of possession of a controlled
substance under the law of parties if he (1) acts with the “intent to promote
or assist the commission of the offense;” or (2) “solicits, encourages,
directs, aids, or attempts to aid” another person in committing the offense.  See
Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2009).  An individual still must
know that the substance is a controlled substance for conviction as a party to
the offense.  See Tex. Health & Safety Code Ann. § 481.115(a). 
When a jury returns a general guilty verdict on an indictment charging
alternative theories of committing the same offense, the verdict stands if the
evidence supports any of the theories charged.  Brooks v. State, 990
S.W.2d 278, 283 (Tex. Crim. App. 1999) (en banc).     

The law does not require exclusive possession of the controlled
substance.  Poindexter, 153 S.W.3d at 412.  “The mere fact that a person
other than the accused might have joint possession of the premises does not
require the State to prove that the defendant had sole possession of the
contraband, only that there are affirmative links between the defendant and the
drugs such that he, too, knew of the drugs and constructively possessed them.”  Id.
(emphasis in original).

“‘[W]hen the accused is not in exclusive possession
of the place where the substance is found, it cannot be concluded that the
accused had knowledge of and control over the contraband unless there are
additional independent facts and circumstances which affirmatively link the
accused to the contraband.’”  Id. at 406 (quoting Deshong v. State,
625 S.W.2d 327, 329 (Tex. Crim. App. 1981)).  Evidence that affirmatively links
an accused to the substance is proof that he possessed it knowingly.  Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Affirmative links
may be shown by direct or circumstantial evidence, but in either case the
evidence must establish the requisite level of confidence that the accused’s
connection with the drug was more than just fortuitous. Poindexter, 153
S.W.3d at 405-06.  

“Mere presence at the location where drugs are found
is thus insufficient, by itself, to establish actual care, custody, or control
of those drugs.”  Evans, 202 S.W.3d at 162.  Presence or proximity, when
combined with other evidence or “links,” may be sufficient to establish that
element beyond a reasonable doubt.  Id.  It is not the number of links
that is dispositive, but rather the logical force of all of the evidence.  Id.
The following non-exclusive “affirmative links” have been recognized as
sufficient, either singly or in combination, to establish a person’s connection
to contraband:

(1)
the defendant’s presence when a search is conducted; (2) whether the contraband
was in plain view; (3) the defendant’s proximity to and the accessibility of
the narcotic; (4) whether the defendant was under the influence of narcotics
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8)
whether the defendant made furtive gestures; (9) whether there was an odor of
contraband; (10) whether other contraband or drug paraphernalia were present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place where the drugs were found was enclosed;
(13) whether the defendant was found with a large amount of cash; and (14)
whether the conduct of the defendant indicated a consciousness of guilt.

 

Id. at 162 n. 12; see
Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.]
2005, no pet.).  We have also recognized the presence of a large quantity of
contraband as a factor affirmatively linking an appellant to the contraband.  Olivarez,
171 S.W.3d at 291-92.  

Appellant first contends that the evidence is legally
insufficient to show that he knowingly possessed cocaine.  Specifically,
appellant argues that the evidence is legally insufficient to show the
requisite “link” between appellant and the cocaine to establish that he exercised
“actual care, custody, or control” of the cocaine.  Appellant does not contend
he was unaware that the substance was cocaine.      

In this case, the officers observed a known cocaine
addict yelling outside of apartment 19’s door when they arrived at the Skylane
Apartments complex.  No one initially responded to the officers’ knocking on
the apartment door or to a phone call from a police dispatcher.  The officers
then knocked a second time.  After a long delay, appellant finally opened the
door.  Goldsby testified that when appellant opened the door, he appeared
nervous.  When the officers entered the apartment, they observed drug
paraphernalia on a coffee table and a man who appeared to be intoxicated on a
couch.  Goldsby testified that he determined this man did not live in the
apartment.  Gonzalez-Cantu also was present in the apartment and emerged from
the bedroom.  Appellant is listed as an “occupant” of Gonzalez-Cantu’s
apartment on Gonzalez-Cantu’s lease agreement with Skylane Apartments.  When
the police later executed a search warrant on the apartment, they discovered 29
grams of cocaine under the sink in the bathroom.  They also discovered crack
pipes, scales, and $915 in cash that a drug-sniffing dog “alerted” on,
indicating that it was related to narcotics transactions.  The apartment is a 700-square-foot,
one-bedroom, one bathroom apartment.  

Viewing all the evidence in the light most favorable
to the jury’s verdict, the jury could have found beyond a reasonable doubt that
appellant exercised “actual care, custody, or control” of the cocaine.  See
Evans, 202 S.W.3d at 166.  The evidence shows that (1) appellant was
present at the scene when the search of the apartment was conducted; (2) appellant
had a right to possess the apartment, which was confirmed by his control of the
front door and his admission of the officers; (3) appellant did not immediately
respond to the officers’ knocking on the door, and only opened the door after a
long delay; (4) drug paraphernalia was discovered in the apartment; (5) the
drugs were found in an enclosed location; (6) the contraband was located in
close proximity to appellant and was conveniently accessible to him in the 700
square-foot apartment; (7) appellant’s conduct indicated a consciousness of
guilt; (8) a significant quantity of drugs worth approximately $2900 was found;
and (9) a large amount of cash relating to narcotics transactions was found.  

Appellant bases his factual sufficiency challenge on
the same grounds as his legal sufficiency challenge — that the evidence is insufficient
to show the requisite “link” between appellant and the cocaine to establish
that he exercised “actual care, custody, or control” of the cocaine.  

Appellant argues that the evidence is factually
insufficient because (1) no one testified that they “observed appellant in the
possession of the cocaine;”  (2) he was not “the only individual in the
apartment where the contraband was recovered;” (3) there was no evidence to
show that appellant lived in apartment 19; (4) there was no evidence regarding
appellant’s exact proximity to the cocaine; (5) appellant did not attempt to
flee; (6) appellant authorized the officers to enter the apartment; (7) no
contraband was found on appellant’s person upon his arrest; (8) “the amount of
cocaine found was a small amount;” and (9) the cocaine was “not in open or
plain view.”      

Appellant’s contentions and evidence do not establish
that the jury’s verdict is clearly wrong and manifestly unjust in light of the
evidence that (1) appellant had a right to possess the apartment as an
“occupant” under the lease agreement; (2) appellant did not immediately respond
to the officers’ knocking on the door, and only opened the door after a long
delay; (3) appellant opened the door, indicating a right of possession and
control over the apartment; (4) appellant appeared nervous when he opened the
door; (5) the cocaine was found in an enclosed space under the sink in the
bathroom; (6) appellant was in close proximity to the cocaine because the
apartment was a one bedroom, one bathroom apartment; (7) the amount of cocaine
found totaled 29 grams; (8) drug paraphernalia with powdery residue was
discovered in the apartment; and (9) a large amount of cash that a drug-sniffing
dog “alerted” on, indicating that it was from narcotics transactions, also was
found.     

Viewing all the evidence in a neutral light, we
conclude the evidence is factually sufficient to justify the jury’s conviction
of appellant for the offense of possession of four to 200 grams of a controlled
substance.  See id.  The jury’s finding is neither clearly wrong nor
manifestly unjust.  See Lancon, 253 S.W.3d at 706-07; Watson, 204
S.W.3d at 414-15; Martinez, 129 S.W.3d at 106.

We overrule appellant’s first and second issues.[2]
    

Conclusion

We affirm the trial court’s judgment.

 

 

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices Anderson,
Boyce, and Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

*
Senior Justice Margaret Garner Mirabal sitting by assignment.









[1]
The lease states “UNIT # (1-21__).”  Appellant argues that this indicates that
appellant and Gonzalez-Cantu were renting apartment 21.  The State argues that
it indicates that appellant and Gonzalez-Cantu rented an apartment within the
range of apartment one to apartment 21, but it does not indicate which specific
apartment.  At trial, the Skylane Apartments manager testified that she “had no
idea” what “UNIT # (1-21__)” meant.  





[2]
Because we conclude that the evidence is legally and factually sufficient to
show that appellant exercised “actual care, custody, or control” of the cocaine,
we need not address appellant’s third issue.  See Brooks, 990 S.W.2d at
283.