Opinion filed October 11, 2018



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00300-CR

_____

## DANNY NEAL THOMPSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR04002**

## MEMORANDUM OPINION

The jury convicted Danny Neal Thompson of possession of methamphetamine in an amount between four and 200 grams and sentenced him to confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant asserts that the evidence is insufficient to support his conviction. We affirm.

*Background Facts*

Texas State Trooper Mitchell Best stopped a white van that he observed speeding on U.S. Highway 67. Trooper Best recognized the passenger in the van, Lacy Patterson. Appellant was the driver of the van. Trooper Best remembered Appellant after he identified Appellant. A check of Appellant's driving record revealed that his driver's license was suspended and that Appellant had two prior arrests and convictions for driving with a suspended license. Trooper Best decided to place Appellant under arrest for driving with a suspended license.

Trooper Best testified that when he attempted to handcuff Appellant, Appellant resisted and "started to take off." Trooper Best tackled Appellant, but Appellant continued to resist. Trooper Best testified that, while Appellant was resisting, Appellant put his hands in his pocket, pulled something out, and dropped it. Trooper Best called for backup and held Appellant down until backup arrived. After arresting Appellant, Trooper Best found a case and a pill bottle with various pills on the ground near Appellant. Specifically, Trooper Best testified, "Once I got him arrested he was laying right there next to [the bottle and case]." The case contained five baggies of methamphetamine and one baggie of what appeared to be marihuana.

Appellant testified that he did not pull anything out of his pockets because his arms were restrained during the entire struggle. Appellant also testified that he was not carrying any contraband. Appellant asserted that he saw Trooper Best on his way to the Smoke Shack and that he would not have driven back on the same route past Trooper Best if he had had any contraband. Appellant testified that he had prior convictions for possession of methamphetamine and possession of methamphetamine with the intent to deliver. Appellant also testified that he began using methamphetamine twenty years ago and never completely quit. Patterson

testified that, during the stop, she did not believe that Appellant had any illegal substances in his possession and did not see Appellant pull anything out of his pocket. Patterson also testified that she used to be a methamphetamine user and that she used methamphetamine with Appellant twice.

*Analysis*

In his sole issue on appeal, Appellant contends that the evidence is insufficient to support his conviction. Appellant asserts that the State failed to affirmatively link him to the methamphetamine. Appellant also asserts that the evidence was insufficient to sustain his conviction because Patterson's testimony directly contradicted Trooper Best's "ambiguous" testimony and because Appellant's testimony proved that he did not throw away any contraband. Appellant also asserts that Trooper Best's testimony lacked credibility because the dashcam video from his patrol vehicle did not support the testimony. We disagree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts

for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018). To prove unlawful possession of a controlled substance, the State must show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015). The evidence must establish that the accused's connection with the drugs was more than just his fortuitous proximity to someone else's drugs. *Id.* at 405–06.

Trooper Best testified that the drugs were found near Appellant at the location where their struggle occurred on the side of the road. "A defendant's mere presence is insufficient to establish possession." *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (citing *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982)). When the contraband was not in the exclusive possession of the defendant, the factfinder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there were sufficient independent facts and circumstances to justify such an inference. *Id.* (citing *Poindexter*, 153 S.W.3d at 406).

4

Texas courts have used an "affirmative links" analysis for instances when the accused was not in exclusive possession of the place where the substance was found. *Poindexter*, 153 S.W.3d at 406. In this circumstance, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Id.* at 406 (citing *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)); *see Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (listing affirmative links recognized by courts); *see also Tate*, 500 S.W.3d at 413–14 (citing *Evans*, 202 S.W.3d at 162 n.12). The affirmative links analysis is routinely employed to establish joint possession when the accused is not in exclusive possession of the place where the drugs are found. *Poindexter*, 153 S.W.3d at 406. The analysis "simply restates the common-sense notion that a person—such as a father, son, spouse, roommate, or friend—may jointly possess property like a house but not necessarily jointly possess the contraband found in that house." *Id.* The following links have been applied to infer knowledge relating to the contraband: (1) the defendant's presence when a search was conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated

5

a consciousness of guilt. *Tate*, 500 S.W.3d at 414 (citing *Evans*, 202 S.W.3d at 162 n.12).

Although Appellant was not in exclusive possession of the place where the drugs were found, the independent facts and circumstances justify the jury's conclusion that Appellant had possession of the methamphetamine and that he knew the case contained methamphetamine. It is not the number of affirmative links that is dispositive, but rather, the logical force of all of the evidence, both direct and circumstantial, that is the determining factor. *Evans*, 202 S.W.3d at 162. "In a legal-sufficiency review, the logical force of all of the admitted evidence must be considered in the light most favorable to the conviction, meaning that all reasonable inferences from the evidence must be resolved in favor of the jury's guilty verdict." *Tate*, 500 S.W.3d at 417 (citing *Thornton v. State*, 425 S.W.3d 289, 305 (Tex. Crim. App. 2014)).

Appellant attempted to flee when Trooper Best attempted to place him under arrest. Trooper Best testified that Appellant removed something from Appellant's pocket as Trooper Best attempted to restrain Appellant. Furthermore, the methamphetamine was found within close proximity of the location where Trooper Best restrained Appellant. The logical force of this evidence supports the jury's implicit determination that Appellant knowingly possessed the methamphetamine.

Appellant asserts that the evidence was insufficient to sustain his conviction because his testimony and Patterson's testimony directly contradicted Trooper Best's testimony. However, we defer to the jury's role to resolve conflicts in the testimony. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. Furthermore, we disagree with Appellant's contention that the dashcam video did not support Trooper Best's testimony. Other than Trooper Best's initial attempt to

handcuff Appellant, the remainder of their scuffle occurred out of view of the camera. Based on the evidence affirmatively linking Appellant to the methamphetamine, a rational jury could have found beyond a reasonable doubt that Appellant intentionally or knowingly possessed the methamphetamine. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

October 11, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.