

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JESSE LEE MOLINAR, | § | No. 08-17-00249-CR |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| THE STATE OF TEXAS, | § | of Ward County, Texas |
| Appellee. | § | (TC# 17-05-05841-CRW) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Jesse Lee Molinar appeals his conviction for possession of a controlled substance, Methamphetamine, in an amount of less than one gram. The case was tried before a jury, and the trial court assessed Molinar's punishment at twelve months in the State Jail division of the Texas Department of Criminal Justice, and a $1,000.00 fine. On appeal, Molinar contends the State failed to prove each and every element of the possession offense. After reviewing the record, we conclude that there is legally sufficient evidence to support Molinar's conviction. We affirm the trial court's judgment.

### *BACKGROUND*

Monahans Police Department Officer Kristofer Quintana[1] initiated a traffic stop of a

---

[1] Quintana was a Lieutenant when he testified at trial and a Sergeant at the time of the stop.

vehicle being driven by Molinar because of an expired vehicle registration. Molinar was in the driver seat with his pants down with his shorts underneath. Laura Ponce was seated in the right front passenger seat of the vehicle. Quintana knew Molinar and Ponce from prior encounters. Quintana requested that Molinar exit the vehicle. Quintana conducted a pat down and talked to Molinar asking him if he could search the vehicle. Molinar consented but pointed out that the vehicle belonged to Ponce, who subsequently gave her consent to search the vehicle. When asked for consent to search, Molinar told Quintana: "Well, you're not going to find nothing in the vehicle, and if you do find something, it's not mine." Quintana's reaction to the statement was: "[r]ight there, okay, well maybe there's something inside this vehicle."

Quintana conducted a search of the vehicle by opening the driver's door where he saw a Pepsi branded plastic bottle in the middle console cup holder. When he lifted the Pepsi bottle the top portion of the bottle came off. There was a small clear baggy containing the Methamphetamine inside a compartment within the lower part of the Pepsi bottle. The Pepsi bottle with the hidden compartment was admitted into evidence. The Pepsi bottle was within arm's reach of both driver and passenger. Quintana asked them who the Pepsi bottle belonged to and they both stated they did not own the bottle and did not know who did. Quintana arrested both Molinar and Ponce.

*ISSUE*

In his only issue, Molinar complains that the evidence was insufficient to sustain the conviction for possession of a controlled substance. The focus of Molinar's argument is that the State failed to prove Molinar intentionally or knowingly possessed the alleged contraband.

*APPLICABLE LAW*

1. Possession of a Controlled Substance

Molinar was charged with possessing methamphetamine in an aggregate amount of less

2

than one gram. TEX.HEALTH & SAFETY CODE ANN. § 481.115(a) & (b). The only issue is whether Molinar intentionally or knowingly possessed the methamphetamine found in the car. To prove the requisite intent to possess, the State had to show that Molinar "(1) exercised control, management, or care over the substance in question and (2) that he knew that the substance was contraband." *Tate v. State*, 500 S.W.3d 410, 413 (Tex.Crim.App. 2016); *See*: Section 481.115(a); TEX.PENAL CODE ANN. § 1.07(a)(39)(defining possession as actual care, custody, control, or management).

2. Sufficiency of the Evidence

When determining whether there is sufficient evidence to support a criminal conviction, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Although the State must prove that a defendant is guilty beyond a reasonable doubt, the State's burden does not require it to disprove every conceivable alternative to a defendant's guilt. In a sufficiency inquiry, direct evidence and circumstantial evidence are equally probative. *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex.Crim.App. 2013).

The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial. *Jackson*, 443 U.S. at 319; *see Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex.Crim.App. 2007). The jury is not, however, allowed to draw conclusions based on speculation. *Hooper*, 214 S.W.3d at 16. Unlike a reasonable inference, speculation is insufficiently based on the evidence to support a finding beyond a reasonable doubt. *Id.* When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor

3

of the verdict. *Jackson*, 443 U.S. at 326.

3. "Affirmative Links"

"A defendant's mere presence is insufficient to establish possession." *Tate*, 500 S.W.3d at 413, *citing Oaks v. State*, 642 S.W.2d 174, 177 (Tex.Crim.App. 1982). When the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference. *Tate*, 500 S.W.3d at 413-14; *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005)(quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981)). Texas courts have identified a non-exhaustive list of fourteen factors that may indicate a link connecting the defendant to the knowing possession of contraband including:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex.Crim.App. 2006); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App.—Houston [14th Dist.] 2005, no pet.). Although these factors can help guide a court's analysis, ultimately the inquiry is that set forth in *Jackson*: based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally

4

justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19.

*ANALYSIS*

Because the methamphetamine was not found on Molinar's person, there must be linking factors present sufficient to prove that he committed the offense. Molinar stresses that his mere presence is insufficient to establish possession of the contraband. *Tate*, 500 S.W.3d at 413. He points to several facts that he believes are case determinative: (1) Molinar was not alone in the vehicle; (2) Molinar did not own the vehicle; someone else had operated the vehicle prior to Molinar's arrest; and (3) Molinar did not possess any other drugs or contraband at the time of the arrest. But possession of contraband need not be exclusive, and evidence which shows that an accused jointly possessed the contraband with another is sufficient. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988); *Allen v. State*, 249 S.W.3d 680 (Tex.App.—Austin 2008, no pet.).

There are several factors linking Molinar to the knowing possession of the methamphetamine recovered in this case. As the driver of the vehicle at the time of the traffic stop, Molinar was in control of the vehicle. Both Molinar as driver and Ponce as the identified owner consented to the search of the vehicle. Officer Quintana observed that when he asked Molinar for consent to search the vehicle, Molinar appeared nervous. Officer Quintana's suspicions were further heightened by Molinar's comment that if Quintana found anything, it was not Molinar's. A Pepsi bottle, with a false lower compartment, was located in the center console cup holder between Molinar and Ponce and within Molinar's easy reach. The top portion of the Pepsi bottle was not secured and flew off when the officer picked up the bottle revealing a bag containing the contraband in the lower portion of the bottle. Both Molinar and Ponce denied having knowledge of the contraband or Pepsi bottle. Viewing the evidence in the light most favorable to the verdict and giving deference to the jury's ability to resolve conflicting testimony,

5

weigh the evidence and draw reasonable inferences from the evidence, we conclude that a rational trier of fact could have found the element of possession beyond a reasonable doubt. *See Williams v. State*, 309 S.W.3d 124, 129 (Tex.App.—Texarkana 2010, pet. ref'd).

*CONCLUSION*

Reviewing the evidence, we hold that there was legally sufficient evidence to support Molinar's conviction. We affirm the judgment of the trial court.

August 7, 2019

REBECCA SIMMONS, Former Justice

Before McClure, C.J., Palafox, J., and Simmons, Former Justice
Simmons, Former Justice (Sitting by Assignment)

(Do Not Publish)