**AFFIRMED as MODIFIED and Opinion Filed October 26, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00479-CR**

**No. 05-21-00480-CR**

**CARLOS RAMON ESPINOZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-81351-2021 & 296-81334-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Reichek

Following a jury trial, Carlos Ramon Espinoza appeals his convictions for evading arrest and possession of a controlled substance. In three issues, appellant challenges the legal sufficiency of the evidence to support the convictions and asserts the judgments should be modified to correct his pleas to enhancement paragraphs. We agree the judgments should be modified to reflect the appropriate enhancement pleas and, as modified, affirm.

# BACKGROUND

Sergeant John Woodruff with the McKinney Police Department testified for the State. He has over 28 years of law enforcement experience and has worked hundreds of narcotics cases. On the afternoon of February 21, 2020, he was patrolling the 1800 block of West Street, specifically watching a known drug house at 1801 West. Woodruff had been aware of drug activity at the house for several years and was following up on reports from the narcotics division. Earlier that day, the police intelligence division observed a truck do a "stop and go" there—meaning the truck stopped at the house, stayed for a few minutes, and left. Patrol officers stopped the vehicle and made narcotics arrests after they found drugs in the truck and tossed out on the street.

When Woodruff drove by 1801 West, he saw a vehicle parked in front of the house facing the wrong direction, which was a traffic violation. A man, later identified as appellant, was standing next to the car. Woodruff did not see anyone else in front of the house or in the vehicle. Appellant and Woodruff briefly made eye contact as Woodruff drove down the street. Woodruff was in full police uniform and drove a marked police car. Woodruff planned to circle the block so he could keep an eye on appellant. Woodruff saw appellant go through a stop sign at a "pretty good speed" and attempted to catch up with him. The speed limit in the residential neighborhood was 30 miles per hour. Appellant was driving at a speed much greater than that, another traffic violation. Then appellant failed to stop at another stop sign.

At that point, Woodruff had seen appellant speed and run two stop signs. He testified that appellant knew he was behind him. Woodruff activated his emergency equipment and tried to stop appellant. Woodruff drove as fast as 61 miles per hour, but appellant got farther away. It was obvious to Woodruff that it was appellant's intent to get away from him.

During the pursuit, Woodruff saw appellant drive through a front yard and between two houses. Appellant's vehicle struck a fence in a backyard. Woodruff saw that the driver's door to appellant's car was open. No one was inside the car. Woodruff briefly saw appellant running through an alleyway. Other officers arrived and notified Woodruff that appellant was in a certain backyard. Woodruff located appellant and told him to stop. Appellant did not comply; he jumped the fence and ran. Woodruff chased him on foot, and appellant eventually surrendered.

Woodruff returned to appellant's vehicle. He saw two small clear baggies containing a substance—one in a recess in the driver's door handle and one in the center console. The glove box contained a scale, and a glass pipe used for smoking methamphetamine was in the cup holder.

Records from the Texas Department of Motor Vehicles showed appellant owned the car. The vehicle had a paper license plate that did not match the vehicle.

McKinney Police Officer Ethan Stephens was on patrol the afternoon of February 21, 2020, and went to assist Sergeant Woodruff. Stephens met up with Sergeant Woodruff as Woodruff caught up with appellant. Stephens handcuffed

appellant and, once appellant was put into another officer's patrol car, went to maintain security at the scene of the car crash. He identified State's Exhibit Number 7 as the envelope with his handwriting in which he placed the drugs found at the scene.

A forensic scientist with the Texas Department of Public Safety Crime Lab analyzed the substances in the two baggies found in the car. She testified that both baggies contained methamphetamine, and the combined weight of the methamphetamine was 3.81 grams.

The jury found appellant guilty of both evading arrest and possession of a controlled substance. Appellant elected to have the trial court assess his punishment. The trial court assessed punishment at 35 years' confinement for each conviction. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first two issues, appellant challenges the legal sufficiency of the evidence to support his convictions. In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). This standard requires that we defer "to the responsibility of the trier of fact

–4–

fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish guilt. *Id.*

In his first issue, appellant contends the evidence is legally insufficient to support his evading arrest conviction. A person commits the offense of evading arrest if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a). In his brief, appellant acknowledges there is "no question" he intentionally fled from a person he knew was a peace officer. He also acknowledges that the officer was attempting lawfully to arrest or detain him. Appellant argues the State had to show appellant knew the detention was lawful.

Although this issue is currently pending before the Texas Court of Criminal Appeals, *see Nicholson v. State*, 594 S.W.3d 480 (Tex. App.—Waco 2019, pet. granted), this Court and other courts of appeals have consistently concluded that the State is not required to prove a defendant knew the detention was lawful. *See Mitchell v. State*, Nos. 05-00876–00878-CR, 2013 WL 3929212, at *4 (Tex. App.—

Dallas July 26, 2013, no pet.) (not designated for publication); *see also Tiller v. State*, No. 05-21-00653-CR, 2022 WL 2093008, at *2–3 (Tex. App.—Dallas June 10, 2022, no pet.) (mem. op., not designated for publication); *Adkins v. State*, No. 08-20-00054-CR, 2022 WL 3961634, at *3 (Tex. App.—El Paso Aug. 31, 2022, no pet.) (not designated for publication); *Lovington v. State*, No. 07-16-00109-CR, 2016 WL 7321792, at *2 (Tex. App.—Amarillo Dec. 13, 2016, no pet.) (mem. op., not designated for publication). The inclusion of the word "lawfully" in § 38.04(a) means the attempted arrest or detention must be lawful, not that the defendant must know that the attempted arrest or detention is lawful. *Mitchell*, 2013 WL 3929212, at *4. We find the State was not required to prove appellant knew his arrest or detention was lawful.

Even if the State was required to prove appellant knew his arrest or detention was lawful, the evidence is still legally sufficient to support the conviction. *See Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011) (to identify essential elements of crime, we look to hypothetically correct jury charge). Appellant argues that the evidence is insufficient because, although Woodruff testified he saw appellant run a stop sign, there is no evidence appellant knew Woodruff saw him do so since appellant was a block away at the time. The circumstances indicate appellant knew Woodruff was keeping an eye on him from the time he left the house. But even if appellant was unaware Woodruff saw him run the first stop sign, appellant continued to commit more traffic violations and his driving became

increasingly unsafe. He drove at speeds of more than 60 miles per hour in a residential neighborhood, failing to slow down for intersections. The jury could have reasonably inferred that once appellant's speed became dangerous, he knew Woodruff's continued attempts to detain or arrest him were lawful. *See Holiness v. State*, No. 06-21-00038-CR, 2021 WL 4483519, at *6 (Tex. App.—Texarkana Oct. 1, 2021, pet. ref'd) (mem. op., not designated for publication). We overrule appellant's first issue.

In his second issue, appellant contends the evidence was legally insufficient to support his conviction for possession of a controlled substance. He argues the State did not affirmatively link him to the drugs in the abandoned car. Appellant suggests he may not have been the sole occupant of the car. He says he was never affirmatively identified as the actual driver of the car, and there was no testimony that he was the car's sole occupant. Appellant also argues the drugs may not have been in the car when he occupied it.

Appellant was charged with possessing methamphetamine in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). To prove the requisite intent to possess, the State had to show appellant (1) exercised control, management, or care over the substance in question and (2) that he knew the substance was contraband. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). A defendant's mere presence is insufficient to establish possession. *Id.* The following factors may indicate a link connecting a defendant to

knowing possession of contraband: (1) the defendant's presence when a search is conducted; (2) whether the drugs were in plain view; (3) the defendant's proximity to and the accessibility of the drugs; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the defendant possessed other drugs or contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether drug paraphernalia or other contraband was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the defendant's conduct indicated a consciousness of guilt. *Id.*

Here, there was no evidence that anyone but appellant was in the car at the time the offenses were committed. Appellant was the only person Sergeant Woodruff saw outside the known drug house, and Woodruff testified that no one else was in the car when Woodruff drove by. While Woodruff was not expressly asked to identify appellant as the person driving the car that day, his testimony definitely indicated appellant was the driver.

The evidence showed appellant knew Woodruff saw him outside the drug house, and his subsequent conduct indicated a consciousness of guilt. He attempted to flee in his vehicle, leading Woodruff on a high-speed chase through a residential

–8–

neighborhood. Then he abandoned his car and fled on foot. He was the owner, driver, and sole occupant of the car in which the methamphetamine was found. The drugs in the driver's door were in plain view, and both baggies were easily accessible to the driver of the car. Drug paraphernalia was also present. As to appellant's argument that the drugs may not have been in the car while he was in it, at most, the car was abandoned for a short period of time, and the jury could have inferred from appellant's behavior and other circumstances that the drugs were in the car when he was driving it. The evidence is legally sufficient to prove appellant's knowing possession of the methamphetamine. *See Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel. Op.] 1981) (evidence sufficient to support conviction for possession of marijuana where, even though defendant was not sole occupant of car, marijuana was found on floorboard in front of driver's seat and defendant owned vehicle and drove it when stopped by police). We overrule appellant's second issue.

## MODIFICATION OF THE JUDGMENTS

In his third issue, appellant contends both judgments should be modified to correct his pleas to the enhancement paragraphs in the indictments. The State joins in appellant's request.

Both indictments included two punishment enhancement paragraphs which alleged appellant had two prior felony convictions—a 2000 conviction for burglary of a habitation and a 2015 conviction for fraudulent use or possession of identifying information. At the punishment stage, appellant pleaded true to the enhancement

allegations.  The trial court's judgments, however, state that appellant pleaded not true to the enhancement paragraphs.

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Accordingly, we modify both judgments to reflect that appellant pleaded true to the two enhancement paragraphs.  We sustain appellant's third issue.

As modified, we affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

210479F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CARLOS RAMON ESPINOZA,
Appellant

No. 05-21-00479-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81351-
2021.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect (1) a Plea of True to the 1st Enhancement Paragraph and (2) a Plea of True to the 2nd Enhancement Paragraph.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered October 26, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS RAMON ESPINOZA,
Appellant

No. 05-21-00480-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81334-
2021.
Opinion delivered by Justice
Reichek. Justices Schenck and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

To reflect (1) a Plea of True to the 1st Enhancement Paragraph and (2)
a Plea of True to the 2nd Enhancement Paragraph.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered October 26, 2022.