

# NUMBER 13-23-00588-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WILLIAM LEWIS MACHICEK,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant William Lewis Machicek appeals his conviction for possession of cocaine in an amount of more than four grams but less than 200 grams, a second-degree felony enhanced for punishment by his prior felony conviction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d); TEX. PENAL CODE ANN. § 12.42(b). A jury assessed punishment at

twenty years' imprisonment, and the trial court sentenced Machicek accordingly. In one issue, Machicek argues that there is legally insufficient evidence affirmatively linking him to the cocaine found inside his vehicle. We affirm.

## I. BACKGROUND

A grand jury indicted Machicek for possession of cocaine in an amount of more than four grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d). Machicek pleaded not guilty, and the case proceeded to trial, during which the following evidence was adduced.

Officers Timothy Ramirez and Dennis Payne with the Victoria Police Department were surveilling a residence suspected of being involved in narcotics distribution while in an unmarked vehicle. Late at night, they observed Machicek arrive at the house in his truck, go to the door, and quickly converse with someone at the residence. The officers saw a "hand to hand" transaction between the two, which led them to believe a drug transaction occurred. Officer Ramirez followed Machicek as he left the residence. Shortly thereafter, he observed Machicek commit two traffic violations by failing to stop behind a clearly designated stopping point and making a wide right turn. Officer Ramirez then requested Officer Troy Gilliam, who was driving a marked patrol vehicle, to conduct a traffic stop. Machicek was pulled over, and Officers Ramirez and Payne joined Officer Gilliam at Machicek's vehicle. Officer Ramirez noticed that Machicek was shaking and breathing heavily. The officers observed open containers of alcohol in the passenger compartment of the truck. After Machicek consented to a search of his vehicle, Officer Ramirez discovered a bag containing a white powdery substance located under the

2

driver's seat. A field test of the substance indicated that it was cocaine, and Machicek was arrested. The officers confirmed that Machicek was the owner of the vehicle. Later lab testing also confirmed that the substance was cocaine and that it weighed 6.82 grams. Officer Ramirez testified that the amount of cocaine was not a "typical amount" because cocaine costs approximately $100 per gram. The trial court admitted Officer Gilliam's body and dash-cam video of the traffic stop into evidence.

Machicek testified that he stopped at the residence on the night in question to collect payment for plumbing work. Machicek stated that he was a handyman, and he hired workers to assist him. He explained that the workers would use his truck to get supplies. Machicek claimed he was unaware that cocaine was in his vehicle. He admitted that he was previously convicted of driving while intoxicated, a felony offense. The jury found Machicek guilty. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review & Applicable Law

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). Evidence is legally sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Joe v. State*, 663 S.W.3d 728, 732 (Tex. Crim. App. 2022) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under a legal sufficiency review, we view the evidence in the light most favorable to the verdict, while recognizing that "[t]he trier of fact is responsible for resolving conflicts in the testimony, weighing the

3

evidence, and drawing reasonable inferences from basic facts to ultimate facts." *Id.* at 731–32.

We measure the evidence produced at trial against the essential elements of the offense as defined by a hypothetically correct jury charge. *David v. State*, 663 S.W.3d 673, 678 (Tex. Crim. App. 2022) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). Under a hypothetically correct jury charge in this case, the State was required to prove beyond a reasonable doubt that (1) Machicek (2) knowingly or intentionally possessed (3) cocaine (4) in an amount of more than four grams but less than 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d).

Machicek challenges the possession element of the offense. Possession "means actual care, custody, control, or management." *Id.* § 481.002(38); TEX. PENAL CODE ANN. § 1.07(a)(39). To establish a knowing and intentional possession of a controlled substance, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the [substance] possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). When a defendant is not in exclusive possession of the place where a controlled substance is found, his "mere presence is insufficient to establish possession." *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016) (citing *Oaks v. State*, 642 S.W.2d 174, 177

4

(Tex. Crim. App. 1982)). In that instance, "it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)). The affirmative links rule is designed "to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Id.* The Texas Court of Criminal Appeals has summarized a non-exhaustive list of factors that may affirmatively link a defendant to contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Tate*, 500 S.W.3d at 414 (quoting *Evans*, 202 S.W.3d at 162 n.12).

In addition, "[e]vidence of a defendant[] conducting hand-to-hand transactions characteristic of drug transactions can provide a link between the defendant and recovered drugs." *Medina v. State*, 555 S.W.3d 581, 588 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162. The

5

ultimate inquiry remains whether, "[b]ased on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a [factfinder] rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414.

## B. Analysis

Machicek argues that there is no evidence establishing that he "placed the cocaine underneath his driver seat" and that the evidence does not establish that his connection to the recovered contraband was more than just fortuitous. We disagree.

Because Machicek testified that others had access to his truck, we will examine the factors affirmatively linking him to the recovered contraband. Here, multiple affirmative links are present. Officers Ramirez and Payne observed what they believed to be a hand-to-hand transaction occurring at a suspected drug house. *See Medina*, 555 S.W.3d at 588. Machicek was the owner and sole occupant of the vehicle where the cocaine was found. *See Tate*, 500 S.W.3d at 414. The cocaine was under the driver's seat, easily accessible to Machicek. *See id.* Finally, the cocaine was located in the enclosed cab of Machicek's vehicle. *See id.* Despite these links, Machicek argues that the evidence "showed a very plausible alternative" to his having purchased the cocaine—that he was collecting payment for plumbing work and the workers he hired to assist him may have placed the cocaine in his truck at some prior time. However, under a legal sufficiency review, we must view the evidence in the light most favorable to the verdict. *Joe*, 663 S.W.3d at 731–32. As such, we presume the jury assessed the credibility of this evidence in favor of its verdict. *See id.*

Viewing the evidence in the light most favorable to the trial court's finding of guilt,

6

and based on the combined and cumulative force of the evidence, we conclude that any rational trier of fact could have found that Machicek intentionally and knowingly possessed the cocaine recovered from the truck. *See Evans*, 202 S.W.3d at 163 (listing the facts that appellant was sitting directly in front and within arm's reach of fourteen grams of cocaine as "two extremely strong 'presence' and 'proximity' links"); *see also Gomez v. State*, No. 04-21-00296-CR, 2022 WL 17970585, at *3 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op., not designated for publication) (affirming appellant's conviction because, among other things, "the evidence establishe[d that he] was not only in the presence of contraband, but he was also within reach of the backpack containing the contraband"); *Via v. State*, No. 01-18-00182-CR, 2019 WL 1474157, at *7 (Tex. App.—Houston [1st Dist.] Apr. 4, 2019, no pet.) (mem. op., not designated for publication) (same where, among other things, defendant driver had access to and control over enclosed space where methamphetamine was found). Accordingly, we hold that Machicek's conviction is supported by legally sufficient evidence. *See Harrell*, 620 S.W.3d at 913. We overrule his sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
27th day of August, 2024.

7